Scarlet R. Smith #15024
ssmith@strongandhanni.com
Jordan T. Greenburg #18393
jgreenburg@strongandhanni.com
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROLLEY SQUARE VENTURES, LLC, a Utah limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TROLLEY PLACE OWNERS'<br>ASSOCIATION, INC., a Utah nonprofit corporation,<br><br>　　　　Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.<br><br>Judge |

COMES NOW Plaintiff TROLLEY SQUARE VENTURES, LLC ("Plaintiff" or "Trolley Square"), by and through undersigned counsel, the law firm of Strong & Hanni, hereby submits this Complaint and alleges against Defendant Trolley Place Owners' Association, Inc. ("Trolley Place" or "Defendant"), as follows:

## PARTIES

1.　Plaintiff is a Utah limited liability company formed under the laws of Utah and does business in Utah. Plaintiff is located at 630 East South Temple, Salt Lake City, UT 84102.

2.　Upon information and belief, Defendant is a Utah nonprofit corporation formed under the laws of Utah and does business in Utah. Defendant is located at 520 South 500 East, Salt Lake

1

City, UT 84102. Defendant's registered agent is John Ho, 8522 South 1300 East, #202, Sandy, UT 84094.

3.    Upon information and belief, Defendant is the owners' association for, and operates and/or manages, a condominium and apartment complex named "Trolley Place" (the "Property"), located at 516-536 South 500 East, Salt Lake City, UT 84102 (Parcel No. 16064661320000).

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction under Title 28, Sections 1331 and 1367 of the United States Code. Additionally, this Court has subject matter jurisdiction over this action under Title 28 Section 1338(a) and Title 15 Section 1121.

5.    This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Plaintiff's federal claims.

6.    This Court has and may, consistent with due process, exercise personal jurisdiction over Defendant under Utah Code § 78B-3-201, because Defendant's principal place of business is in Utah, Defendant has transacted business in this District, the actions giving rise to this lawsuit have occurred in this District, and Defendant has caused damages to Plaintiff in this District.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 and because a substantial part of Defendant's acts and omissions giving rise to Plaintiff's claims occurred in this District.

## GENERAL ALLEGATIONS

*Plaintiff's History and Intellectual Property*

8.    Trolley Square is one of Utah's most popular attractions and shopping centers. For decades, Trolley Square has offered consumers unique shopping, dining, and entertainment in a charming, historic atmosphere.

2

9. In fact, "Trolley Square" has become a household name which the consuming public easily recognizes as a specific and unique shopping center located between 600 and 700 East and 500 and 600 South of Salt Lake City, Utah.

10. Trolley Square was registered as a historic site by the State of Utah in 1973 and added to the National Register of Historic Places in 1996.

11. Trolley Square is also home to the iconic 50,000-gallon water tower ("Water Tower"), which was built in 1908 and converted into a Trolley Square landmark in 1972. From 1972 to the present, the Water Tower, with its 6,000 miniature lights and an observation deck, has become a well-known symbol and trademark of Trolley Square by the consuming public.

12. Plaintiff, together with its predecessors in interest, has used the TROLLEY SQUARE mark in association with the Trolley Square shopping center since at least January 1, 1972—for more than 50 years—in connection with the shopping center and other services such as real estate management and leasing.

13. Trolley Square is the owner of pending U.S. Trademark Application No. 99872840 for the trademark TROLLEY SQUARE in connection with real estate management services for retail centers, leasing of retail center space, and shopping center services. A true and correct copy of the application is attached as Exhibit 1.

14. Trolley Square is the owner of pending U.S. Trademark Application No. 99790065 for a design mark depicting the Water Tower (the "Water Tower Logo") in connection with their location in downtown Salt Lake, housing the landmark water tower. A true and correct copy of the application is attached as Exhibit 2.

15. Trolley Square is the owner of pending U.S. Trademark Application No. 99790047 for the service mark THERE'S ONLY ONE TROLLEY SQUARE in connection with real estate

management services for retail centers, leasing of retail center space, real estate management services, and shopping center services. A true and correct copy of the application is attached as Exhibit 3.

16. Plaintiff is the sole owner of the trademarks TROLLEY SQUARE and THERE'S ONLY ONE TROLLEY SQUARE, and the Water Tower Logo (collectively, "TROLLEY SQUARE Marks" or "Marks").

17. Plaintiff has extensive common law rights in the TROLLEY SQUARE Marks in connection with retail stores, restaurants, events, and leasing commercial space. Plaintiff and its predecessors in interest have continuously used TROLLEY SQUARE and the Water Tower Logo since at least January 1, 1972, in connection with the aforementioned goods and services in the United States for more than 50 years.

18. Plaintiff advertises and offers its goods and services to the public under the TROLLEY SQUARE Marks.

19. The goods and services that Plaintiff offers under the TROLLEY SQUARE Marks are of high quality, and the consuming public recognizes the high quality of goods and services bearing the TROLLEY SQUARE Marks and associates the goods and services with Plaintiff.

20. Over the last half-century, Plaintiff and its predecessors have expended substantial time, money, and resources marketing, advertising, and promoting goods and services under the TROLLEY SQUARE Marks.

21. Due to this continuous effort and longstanding use of the TROLLEY SQUARE Marks, these Marks have come to signify the high quality of Plaintiff's goods and services and acquired reputation and goodwill exclusively belonging to Plaintiff.

22. Plaintiff's TROLLEY SQUARE Marks have become widely known, distinctive, and famous throughout the United States. Consumers and the general public closely identify the TROLLEY SQUARE Marks with Plaintiff and Plaintiff's goods and services, and the Marks represent substantial and valuable goodwill.

23. Plaintiff's TROLLEY SQUARE Marks are distinctive to both consumers and the public generally.

24. Plaintiff owns and operates the domain name at https://www.trolleysquare.com/ ("Plaintiff's Domain") and operates its website at that address. Plaintiff's Domain serves as a source identifier and enables consumers to locate Plaintiff's website. Through its website, Plaintiff promotes and offers its goods and services under the TROLLEY SQUARE Marks. For example, Plaintiff's website promotes Plaintiff's leasing services to the public.

25. Plaintiff further owns and operates various social media accounts, including:

   a. Verified Facebook Page – Trolley Square (facebook.com/TrolleySquareUT/);

   b. Verified Instagram Account – @trolley_square (Instagram.com/trolleysquare/); and

   c. X Account – @TrolleySquareUT (x.com/TrolleySquareUT).

26. As a result of the TROLLEY SQUARE Marks' distinctiveness and widespread use and promotion throughout the United States, Plaintiff's TROLLEY SQUARE Marks are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and became famous prior to Defendant's infringing acts as alleged herein.

***Defendant's Infringement on Plaintiff's TROLLEY SQUARE Marks***

27. Upon information and belief, Defendant adopted the name "Trolley Place Owners' Association" (the "Infringing Name") on or about April 26, 2010.

28.  Defendant's Property is located in close geographic proximity to Trolley Square.

29.  Upon information and belief, Defendant has used, and continues to use, the Infringing Name in connection with the Property, including on the Property's buildings, on signage, and in advertising, with the intent to profit off the goodwill associated with Plaintiff's TROLLEY SQUARE Marks.

30.  Upon information and belief, Defendant has also displayed an image of a water tower confusingly similar to Plaintiff's Water Tower Logo on the Property's buildings, in advertising, and the like.

31.  "Trolley Place" is confusingly similar to Plaintiff's TROLLEY SQUARE Marks, particularly given Defendant's use of the Infringing Name in such close geographic proximity to Trolley Square and in combination with Defendant's use of a water tower image confusingly similar to Plaintiff's Water Tower Logo.

32.  Defendant prominently displays the Infringing Name, together with an image of a water tower confusingly similar to Plaintiff's Water Tower Logo, on the Property's exterior signage, which is plainly visible to consuming public from 500 East. A ture and correct photograph of the Property's signage is shown.[1] *See* e.g.,

---

[1] Google Maps Street View.

6



33.  Defendant's use of "Trolley" in the Infringing Name, combined with its use of a water tower image, has induced, and will continue to induce, consumers to wrongly associate Defendant and/or Defendant's goods and services with Plaintiff.

34.  Upon information and belief, Defendant, with full knowledge of Plaintiff's TROLLEY SQUARE Marks, intended to, and continues to, trade on the decades-long goodwill and reputation of Plaintiff's TROLLEY SQUARE Marks by creating a false association with Plaintiff.

35.  Defendant misled, and continues to confuse and mislead, the public into assuming an affiliation or connection between Plaintiff and Defendant and/or Defendant's goods and services.

36.  Defendant's persistent imitation, false association, infringing derivative, reproduction, and other unauthorized use of the TROLLEY SQUARE Marks causes irreparable injury to Plaintiff, including injury to its business reputation.

37.  Upon information and belief, Defendant continues to pass off its goods and services within U.S. commerce as those of Plaintiff by Defendant's aforementioned unlawful actions, which include misrepresentations to the consuming public that Defendant's actions, advertising, and related goods and services emanate from or are associated with Plaintiff.

38.  Defendant's unlawful actions result in irreparable harm and injury to Plaintiff. Among other harms, it:

    a.  Deprives Plaintiff of its absolute right to determine the manner in which its goods and services are presented to consumers and the general public;

    b.  Deceives consumers and the public into believing that the origin and sponsorship of Defendant's goods and services are those of Plaintiff;

    c.  Wrongfully trades upon Plaintiff's reputation, goodwill, and exclusive rights in its intellectual property, namely the TROLLEY SQUARE Marks; and

    d.  To the extent that Defendant's goods and services are or may be of inferior quality to that of Plaintiff's, the quality difference irreparably harms and injures Plaintiff's reputation.

39.  Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from engaging in any further actions in violation of Plaintiff's rights.

40.  Plaintiff is further entitled to recover from Defendant damages, including treble damages, pre- and post-judgment interest, and attorneys' fees and costs Plaintiff has sustained, and will sustain, and any gains, profits, and advantages obtained by Defendant as a result of Defendant's actions as alleged herein.

41.  At present, the amount of the aforementioned damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION:
**Trademark Infringement and Unfair Competition under 43(a) of the Lanham Act**

42. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully stated herein.

43. Plaintiff owns valid and legally protectable marks, namely the TROLLEY SQUARE Marks.

44. Plaintiff's TROLLEY SQUARE Marks are inherently distinctive and entitled to protection because the Marks identify Plaintiff as the source for goods and services bearing the TROLLEY SQUARE Marks, and the Marks distinguish Plaintiff's goods and services from those of others.

45. Further, the TROLLEY SQUARE Marks are "famous" within the meaning of Section 43(c) of the Lanham Act.

46. Plaintiff and its predecessors in interest began using the TROLLEY SQUARE Marks in commerce no later than January 1, 1972, and have continually used the Marks in connection with Plaintiff's goods and services in the United States for more than 50 years.

47. Plaintiff never licensed nor granted permission to Defendant to use its TROLLEY SQUARE Marks.

48. Defendant has used, and continues to use, a name confusingly similar to Plaintiff's TROLLEY SQUARE Marks, together with a water tower image confusingly similar to Plaintiff's Water Tower Logo, in commerce in connection with the promotion, marketing, and advertising of the Property and Defendant's goods and services.

9

49. Defendant's unlawful use of the TROLLEY SQUARE Marks is highly likely to cause consumer confusion in U.S. commerce by creating a false impression that Defendant is affiliated with or otherwise connected to Plaintiff.

50. Upon information and belief, Defendant has made subsequent unauthorized use of the TROLLEY SQUARE Marks, or a derivative of the Marks, and creates a false designation of origin in commerce in connection with the distribution, sale, offering for sale, or advertising of Defendant's goods and services.

51. Upon information and belief, Defendant unlawfully uses and depicts the confusingly similar designation "Trolley Place," together with a water tower image, to trade on Plaintiff's goodwill in the Marks and favorable reputation for Defendant's own benefit.

52. Defendant's unauthorized use of "Trolley" in its name and of a water tower image has caused, and will likely continue to cause, a high likelihood of confusion concerning Defendant's affiliation or connection to Plaintiff, as well as confusion regarding Plaintiff's sponsorship, approval, or lack thereof, of Defendant's goods and services.

53. The likelihood of confusion is particularly high because Defendant uses the Infringing Name and water tower image in connection with real property located in the immediate vicinity of Trolley Square.

54. As described herein, Defendant's unlawful actions and infringement on Plaintiff's TROLLEY SQUARE Marks wrongly trade upon and irreparably injure Plaintiff's reputation, goodwill, and exclusive rights in its Marks.

55. Accordingly, Plaintiff is entitled to all rights and remedies available under the Lanham Act and applicable federal law, including but not limited to injunctive, monetary, equitable, and/or such other and further relief as the Court deems appropriate.

10

**SECOND CAUSE OF ACTION:**
**False Designation of Origin / Passing Off Under Section 43(a) of the Lanham Act**

56. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully stated herein.

57. Plaintiff is the owner of valid and legally protectable marks, namely the TROLLEY SQUARE Marks.

58. Plaintiff's TROLLEY SQUARE Marks are inherently distinctive because the TROLLEY SQUARE Marks automatically signal to consumers that those Marks refer to Plaintiff and/or Plaintiff's brand and are entitled to protection.

59. Plaintiff and its predecessors in interest have continually used the TROLLEY SQUARE Marks in connection with Plaintiff's goods and services in the United States for more than 50 years.

60. Defendant unlawfully uses Plaintiff's TROLLEY SQUARE Marks, or confusingly similar variations thereof, in Defendant's marketing and advertising to promote Defendant's goods and services to the public.

61. Defendant's actions and infringements as alleged herein cause a high likelihood of confusion among consumers through deceiving the public to believe that Defendant and its goods and services are approved by, affiliated with, or otherwise connected to Plaintiff.

62. Defendant's actions and infringements as alleged herein violate and injure Plaintiff's TROLLEY SQUARE Marks as well as Plaintiff's rights to its Marks.

63. Accordingly, Plaintiff is entitled to all rights and remedies available under the Lanham Act and applicable federal law, including but not limited to injunctive, monetary, equitable, and/or such other and further relief as the Court deems appropriate.

**THIRD CAUSE OF ACTION:**

11

**Dilution by Blurring under Section 43(c) of the Lanham Act**

64.    Plaintiff incorporates by reference the allegations in the above paragraphs as if fully stated herein.

65.    Plaintiff's TROLLEY SQUARE Marks are distinctive and "famous" within the meaning of Section 43(c) of the Lanham Act.

66.    Plaintiff and its predecessors in interest began using the TROLLEY SQUARE Marks in commerce no later than January 1, 1972, and have continually used the Marks in connection with Plaintiff's goods and services in the United States for more than 50 years.

67.    Plaintiff's TROLLEY SQUARE Marks are a household name and recognizable throughout U.S. commerce.

68.    Over the last half-century, Plaintiff and its predecessors have expended substantial time, money, and resources marketing, advertising and promoting goods and services under the famous TROLLEY SQUARE Marks.

69.    Upon information and belief, Defendant has made unauthorized use of the TROLLEY SQUARE Marks, or a derivative of the Marks, and creates a false designation of origin in commerce in connection with the advertising and promotion of goods and services in connection with "Trolley Place."

70.    Defendant's use of "Trolley" and of a water tower image is in reference to Plaintiff and Plaintiff's TROLLEY SQUARE Marks.

71.    Upon information and belief, Defendant unlawfully uses and depicts Plaintiff's TROLLEY SQUARE Marks to trade on Plaintiff's goodwill in the Marks and favorable reputation for Defendant's own benefit and financial gain.

12

72. Upon information and belief, Defendant intended to create a false impression to the public that Defendant's goods and services were associated with Plaintiff.

73. Defendant's unauthorized use of the TROLLEY SQUARE Marks, or derivatives thereof, impairs the distinctiveness of the famous TROLLEY SQUARE Marks and dilutes the Marks by blurring.

74. Plaintiff's TROLLEY SQUARE Marks were distinctive and famous decades prior to Defendant's use of the Infringing Name and water tower image.

75. Accordingly, Plaintiff is entitled to all rights and remedies available under the Lanham Act and applicable federal law, including but not limited to injunctive, monetary, equitable, and/or such other and further relief as the Court deems appropriate.

### FOURTH CAUSE OF ACTION:
### Common Law Trademark Infringement / Unfair Competition

76. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully stated herein.

77. By using the TROLLEY SQUARE Marks no later than 1972, when no other individual or business was using them, and by continuing to use the TROLLEY SQUARE Marks to promote, advertise, market and sell its goods and services, Plaintiff acquired and has the exclusive right to use the TROLLEY SQUARE Marks for its goods and services, among other purposes and trade channels.

78. Defendant has no rights in the TROLLEY SQUARE Marks and no license to use the TROLLEY SQUARE Marks.

79. Nevertheless, Defendant has used the TROLLEY SQUARE Marks, or confusingly similar variations thereof, in commerce without Plaintiff's authorization by:

    a. Utilizing "Trolley" in Defendant's name and in the name of the Property;

b.  Displaying a water tower image confusingly similar to Plaintiff's Water Tower Logo on the Property's buildings, in advertising, and the like; and

c.  Promoting Defendant's goods and services under the Infringing Name.

80.  Defendant's unauthorized use of the TROLLEY SQUARE Marks is likely to cause confusion, mistake, or deception among the consuming public as to the affiliation or sponsorship of Defendant's goods and services and unlawfully trades on the goodwill that Plaintiff has built in the TROLLEY SQUARE Marks.

81.  Accordingly, Plaintiff is entitled to all rights and remedies available under Utah Code Ann. § 13-5a-103 and Utah's common law for Defendant's trademark infringement and unfair competition, including but not limited to (a) injunctive relief, (b) recovery of Defendant's profits, (c) punitive damages, (d) corrective advertising, and (e) attorneys' fees and costs.

## FIFTH CAUSE OF ACTION:
### Deceptive Trade Practices Under Utah Code Ann. § 13-11a-3

82.  Plaintiff incorporates by reference the allegations in the above paragraphs as if fully stated herein.

83.  By engaging in the aforementioned conduct alleged herein, Defendant has in the course of its business, vocation, or occupation:

a.  Caused a likelihood of confusion or misunderstanding among consumers as to the source, sponsorship, approval, or certification of Defendant's goods and services by unlawfully using Plaintiff's TROLLEY SQUARE Marks;

b.  Caused a likelihood of confusion or misunderstanding among consumers as to affiliation, connection, or association with Plaintiff; and

c.  Engaged in other conduct that qualifies under Utah law as a deceptive trade practice.

14

84. Defendant's acts and infringement as alleged herein have damaged and are likely to continue to injure Plaintiff, including the goodwill Plaintiff has (at great expense) accrued in its intellectual property and TROLLEY SQUARE Marks, as well as continue to confuse the public as to the association of Plaintiff and Defendant.

85. If not enjoined by the Court, Defendant will continue to engage in the deceptive trade practices alleged above, continuing to cause irreparable harm to Plaintiff and the goodwill and reputation Plaintiff has accrued in its TROLLEY SQUARE Marks.

86. Plaintiff is entitled to an injunction of Defendant's deceptive trade practices under Utah Code Ann. § 13-11a-4, as well as its damages and attorney fees, corrective advertising, and other remedies available thereunder.

## SIXTH CAUSE OF ACTION:
### Unjust Enrichment under the Common Law

87. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully stated herein.

88. Plaintiff owns the TROLLEY SQUARE Marks.

89. Plaintiff has invested substantial time, effort, and resources in developing the goodwill and reputation associated with its TROLLEY SQUARE Marks, which are recognized by consumers as identifying Plaintiff's goods and services.

90. Defendant unlawfully used Plaintiff's TROLLEY SQUARE Marks, or confusingly similar variations thereof, in connection with the marketing, promotion, and sale of Defendant's goods and services.

91. Through such unlawful use, Defendant improperly benefited from Plaintiff's reputation, goodwill, and efforts, without authorization or compensation.

92. Upon information and belief, Defendant derived revenues, profits, and other financial benefits as a direct and proximate result of its unauthorized use of Plaintiff's TROLLEY SQUARE Marks.

93. Equity and good conscience require that Defendant disgorge all profits, revenues, and other benefits obtained as a result of its wrongful conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enters judgment against Defendant and affords the following relief:

A.   Preliminary and permanent injunctions to enjoin Defendant from further infringing upon Plaintiff's TROLLEY SQUARE Marks and other intellectual property, further diluting Plaintiff's Marks, and further falsely associating Plaintiff with Defendant;

B.   A court order compelling Defendant to destroy infringing items or property bearing the TROLLEY SQUARE Marks, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1118);

C.   Awarding Plaintiff treble damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) for the claims asserted under Section 43 of the Lanham Act (15 U.S.C. § 1125(a) and (c));

D.   An accounting of Defendant's profits and an order to pay to Plaintiff all gains, profits, and advantages derived by Defendant's acts of unfair competition and infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

E.   An award of Plaintiff's attorneys' fees and costs as permitted by statute or other applicable law, including but not limited to 15 U.S.C. §§ 1116(a), 1117(a), and Utah Code Ann. §§ 13-11a-3, 13-5a-103; and

F.    Such other and further relief as the Court deems equitable or just under the circumstances.

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 31st day of July, 2026.

STRONG & HANNI


/s/ *Scarlet R. Smith*
Scarlet R. Smith
Jordan T. Greenburg
*Attorneys for Plaintiff*

17